IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRIME CARE OF NORTHEAST
KANSAS, LLC, et al.,

                Plaintiffs,          Civil Action

v.                                           Case No. 05-2227-KHV-DJW

BLUE CROSS AND BLUE SHIELD
OF KANSAS CITY, INC., et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

      Pending before the Court is Plaintiffs' Motion to Stay (doc. 75). Also pending before the Court is Plaintiffs' Motion to Expedite Ruling and Briefing (doc. 76).

      Plaintiffs seek a stay of proceedings pending a ruling on their Motion to Remand to State Court (doc. 24). Plaintiffs request in the alternative, that if remand is denied, they be granted an enlargement of time to respond to all pending motions and counterclaims. They request that they be allowed to file their responses within thirty days of the Court issuing its order denying remand. In addition, Plaintiffs seek a shortened briefing schedule and an expedited ruling on their Motion to Stay.

      The power to stay proceedings is incidental to the court's inherent power to control the disposition of the cases on its docket.[1] The court may exercise the power to stay to provide economy of time and

---

[1] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02-2448-KHV, 2002 WL 31898217, at *1-2 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

effort for the court itself and for counsel and litigants appearing before the court.[2] The decision whether to grant a stay is within the district court's discretion; however, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."[3]

In light of these rules, this Court has adopted a "general policy" of not staying pretrial proceedings even though dispositive motions are pending.[4] Exceptions to this general policy may, however, be made when the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of a broad complaint would be wasteful and burdensome.[5] Another major exception to this policy is made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[6]

Applying these standards, and after consulting with the District Judge, the undersigned Magistrate Judge concludes that a stay is not warranted. Plaintiffs have failed to make a showing of necessity for the stay and have failed to establish hardship or inequity if they are required to go forward with this case in its present posture. Furthermore, the Court does not find that any of the exceptions to the Court's general policy apply so as to justify a stay. Accordingly, the Court will deny the request to stay the action.

---

[2]*Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[3]*Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)

[4]*Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan.1990)).

[6]*See, e.g.*, *Siegert v. Gilley,* 500 U.S. 226, 232 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

The Court will also deny Plaintiffs' alternative request that they be granted leave to file their responses to the pending motions to dismiss and counterclaims within thirty days of the Court issuing its order denying remand. To allow such an open-ended enlargement of time would have virtually the same effect as a stay pending a ruling on the Motion to Remand.

In light of the foregoing, there is no need for the Court to rule on Plaintiffs' Motion to Expedite Ruling and Briefing. The Court therefore denies the Motion to Expedite as moot.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Stay (doc. 75) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite Ruling and Briefing on Motion to Stay (doc. 76) is denied as moot.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate

cc: All counsel and pro se parties