## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PRIME CARE OF NORTHEAST KANSAS, LLC, et al., ) | |
| Plaintiffs, ) | CIVIL ACTION |
| v. ) | No. 05-2227-KHV |
| BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, INC., et al., ) | |
| Defendants. ) | |

PRIME CARE OF NORTHEAST KANSAS,    )
LLC, et al.,                                             )
                                                              )
                                    Plaintiffs,          )          CIVIL ACTION
                                                              )
v.                                                         )          No. 05-2227-KHV
                                                              )
BLUE CROSS AND BLUE SHIELD OF        )
KANSAS CITY, INC., et al.,                     )
                                                              )
                                    Defendants.         )
_____)

## MEMORANDUM AND ORDER

Plaintiffs, a group of doctors and doctor organizations which practice medicine in Wyandotte and

Johnson Counties in Kansas, bring class action claims against various health insurance providers for price

fixing and conspiracy to monopolize in violation of Kansas law. Plaintiffs originally filed suit in state court

in Wyandotte County, Kansas. On May 27, 2005, Humana Insurance Company, United HealthCare

Insurance Company, Inc. and Coventry Health & Life Insurance Company ("removing defendants") filed

a Notice of Removal (Doc. #1), asserting jurisdiction under the Class Action Fairness Act of 2005

("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). The same day,

defendant Principal Life Insurance Company ("Principal") filed a notice of joinder in the original notice of

removal "in all respects and for the reasons set forth." Defendant Principal's Joinder In Notice Of Removal

Filed By Defendants Humana, United and Coventry (Doc. #2). No other defendants joined in the notice

of removal.[1] On June 21, 2005, Principal filed a supplement to its joinder in removal, asserting federal

---

[1]          Defendants in this case number 19. The other defendants are Blue Cross and Blue Shield
(continued...)

question jurisdiction under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1001 et seq., based on preemption. This matter comes before the Court on Plaintiffs' Motion

To Remand (Doc. #24) filed June 24, 2005 and Plaintiffs' Motion To Strike Defendant Principal Life

Insurance Company's "Supplement To Joinder In Notice Of Removal" (Doc. #38) filed July 13, 2005.

For reasons stated below, the Court overrules the motion to strike but sustains the motion to remand.

## I.     Case History

On February 14, 2005, numerous plaintiffs filed a petition in state court asserting class action claims

on behalf of all doctors practicing in Wyandotte and Johnson Counties in Kansas.[2]  The original petition

alleged that defendants had restrained trade by fixing doctor reimbursement or fees.  Specifically, it asserted

state law claims of price fixing and conspiracy to monopolize.  The day after plaintiffs filed their original

---

[1](...continued)
of Kansas City, Inc., Blue Cross and Blue Shield of Kansas, Inc., Good Health HMO, Inc., Premier
Health, Inc., Total Health Care, Inc., Coventry Services Corporation d/b/a Coventry Health Care, Inc.,
Coventry Health Care of Kansas, Inc., United HealthCare Services, Inc. d/b/a United HealthCare
Corporation, United HealthCare of the Midwest, Inc., United HealthCare of Kansas, Inc., Spectera, Inc.,
Humana, Inc., Humana Health Plan, Inc., Ingenix, Inc. and Kanza Multispeciality Group, Inc.

[2]      The following plaintiffs filed the original petition: Prime Care of Northeast Kansas, LLC
("Prime Care"), For Women Only, Inc., New Century Health Quality Alliance, Inc. ("New Century"),
Kansas City Urology Care, PA, The Drake Institute, PA, Midwest Cardiology Associates, PA, Paincare
PA, Midwest Neurosurgery Associates, PA, College Park Family Care Center, PA, United Medical
Group LLC, Kanza Multispecialty Group, PA, Statland Clinic Ltd, PA, Heartland Primary Care, PA,
Kansas City Allergy and Asthma, PA, Nelson Harmon and Kaplan, Chtd., Head and Neck Surgery of
Kansas City, PA and Pediatric Partners, PA. They sued the following defendants: Blue Cross and Blue
Shield of Kansas City, Inc., Blue Cross and Blue Shield of Kansas, Inc., Good Health HMO, Inc., Premier
Health, Inc., Total Healthcare, Inc., Trisource Healthcare, Inc., Coventry Health Care of Kansas, Inc.,
HealthCare of Kansas City, Inc., United Healthcare Corporation, United Healthcare of the Midwest, Inc.,
United Healthcare of Kansas, Inc., Humana, Inc., Humana Health Plan, Inc., Humana Kansas City, Inc.,
Humana Health Plan of Kansas, Inc., Cigna Corporation, Cigna Healthcare of Ohio, Inc., Cigna Healthcare
of Kansas/Missouri, Inc., Cigna Healthplan of Kansas City, Inc., Aetna Health, Inc., Aetna US Healthcare,
Inc., Aetna US Healthcare, United HealthCare of the Midwest, Inc., United HealthCare Corp.

petition, they filed an amended petition without leave of court, adding three plaintiffs and five defendants: Coventry Healthcare, Inc., United HealthCare Services, Inc., Aetna US Health, Inc., Spectra, Inc. and Principal Life Insurance Company.  The amended petition also omitted four defendants.[3]  The amended petition asserted essentially the same claims as the original petition.

On February 16, 2005, the day after plaintiffs filed their first amended petition, they again without leave of court filed an amended petition.  The second amended petition added one plaintiff and essentially reasserted the claims in the original petition.  On February 17, 2005, again without leave of court, plaintiffs filed another amended petition.  The third amended petition added two defendants and again reasserted the same claims as the original petition.[4]

On March 4, 2005, again without leave of court, plaintiffs filed an amended petition which substituted two plaintiffs and omitted six defendants.[5]  The fourth amended petition reasserted the claims from the original petition.

Plaintiffs did not serve the original petition or any of the four amended petitions.  On April 22, 2005, plaintiffs filed a motion which sought retroactive leave to file all of the amended petitions, stating that they had "filed several amended petitions to clarify the nature and substance of their allegations and correct

---

[3]     The amended petition omitted Health Care of Kansas City, Inc., Aetna Health, Inc., Aetna US Healthcare, Inc. and Aetna US Healthcare.

[4]     The third amended petition joined United HealthCare Services, Inc. and Ingenix Health Intelligence, Inc.

[5]     The fourth amended petition omitted Cigna Corporation, Cigna Healthcare of Ohio, Inc., Cigna Healthcare of Kansas/Missouri, Inc., Cigna Healthplan of Kansas City, Inc., Aetna US Healthcare, Inc. and Aetna US Health, Inc.

typographical errors."[6]  Motion For Leave To Amend Petition in No. 05CV279.  The motion also sought

leave to file a fifth amended petition.  The state district court granted the motion, stating that "[p]laintiffs shall

file their amended Petition within ten (10) days of the date of this Order, and such amended Petition shall

relate back to the original filing of this action."  See Journal Entry And Order in No. 05CV 279 filed April

22, 2005.

On April 26, 2005, plaintiffs filed a fifth amended petition.  The fifth amended petition added five

defendants: Humana Insurance Company, United HealthCare Insurance Company, Coventry Services

Corporation, d/b/a Coventry HealthCare, Inc., Coventry Health and Life Insurance Company and Ingenix,

Inc.[7]  On May 3, 1995, plaintiffs served the fifth amended petition.  As previously noted, three of the five

newly joined defendants – Humana Insurance Company, United HealthCare Insurance Company, Inc. and

Coventry Health & Life Insurance Company – filed a notice of removal on May 27, 2005.  Principal Life

Insurance Company, which had been named in plaintiffs' first amended petition on February 15, 2005, filed

its "notice of joinder" on May 27, 2005.

## II.      Traditional Removal Standards

A civil action is removable only if plaintiffs could have originally brought the action in federal court.

See 28 U.S.C. § 1441(a).  The Court is required to remand "[i]f at any time before final judgment it

---

[6]          Pursuant to K.S.A. § 60-2015, a party may amend its pleading once as a matter of course
before a responsive pleading is served and otherwise may amend only by leave of court or by written
consent of the adverse party.

[7]          In addition, the fifth amended petition omitted the following plaintiffs: Midwest
Neurosurgery Associates, PA and Pediatric Partners PA; and the following defendants: Trisource
Healthcare, Inc., d/b/a Blue-Advantage, Coventry Healthcare, Inc., Humana Kansas City, Inc. and Ingenix
Health Intelligence, Inc.

appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

**III.    Analysis**

Plaintiffs urge the Court to remand, arguing that CAFA does not confer subject matter jurisdiction because the case commenced when they first filed it in state court on February 14, 2005, four days before CAFA became effective on February 18, 2005. Removing defendants disagree, asserting that a new action commenced on April 26, 2005, when plaintiffs filed the fifth amended petition which added them as defendants. Principal agrees and suggests that the Court also has federal question jurisdiction because ERISA preempts plaintiffs' claims.

**A.    Burden Of Proof Under CAFA**

On February 18, 2005, Congress enacted CAFA, which expands federal court subject matter jurisdiction over class actions in which at least one plaintiff class member is diverse in citizenship from any

5

defendant and the amount in controversy exceeds $5 million. <u>See</u> 119 Stat. § 4 (codified at 28 U.S.C. § 1332(d)).[8]  If such an action arises in state court, CAFA allows any defendant, without consent of all defendants, to remove the action to federal court in accordance with 28 U.S.C. § 1446.  <u>See</u> 119 Stat. § 5 (codified at 28 U.S.C. § 1453(b)).  CAFA provides that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." 119 Stat. § 9.

Defendants contend that in light of CAFA's legislative history, plaintiffs bear the burden to prove that removal was improvident, and the Court must resolve any doubts in favor of federal jurisdiction.  <u>See Removing Defendants' Joint Memorandum In Opposition To Plaintiffs' Motion To Remand</u> ("<u>Defendants' Memorandum</u>") (Doc. #37) filed July 13, 2005 at 3-4.  Under traditional removal standards, the burden is on the party requesting removal to demonstrate that the Court has jurisdiction, <u>see</u> <u>Laughlin,</u> 50 F.3d at 873, and the Court must resolve any doubts concerning removability in favor of remand.  <u>See</u> <u>J.W. Petroleum,</u> 787 F. Supp. at 977.  CAFA is silent on this issue.  Some courts have ruled that because CAFA is silent, it is ambiguous and courts should consult legislative history which suggests that plaintiff has the burden to prove that the action should be remanded and that doubts should be resolved in favor of federal jurisdiction.  <u>See, e.g., Berry v. Am. Express Publ'g, Corp.,</u> 381 F. Supp.2d 1118, 1122-23 (C.D. Calif. 2005); <u>Waitt v. Merck & Co., Inc.,</u> No. C05-07591, 2005 WL 1799740, at *1-2 (W.D. Wash. July 27, 2005); <u>In re Textainer P'ship Sec. Litig.,</u> No. C05-0969 MMC, 2005 WL 1791559, at *3 (N.D. Calif. July 27, 2005); <u>Lussier v. Dollar Tree Stores, Inc.,</u> No. 05-768-BR, 2005 WL 2211094, at *1 (D. Or. Sept. 8, 2005).  Other courts have rejected this reasoning, finding that CAFA's silence does not create

---

[8]      CAFA contains certain exceptions to federal jurisdiction.  <u>See</u> 28 U.S.C. § 1332(d)(3)-(5), (9).  The Court need not decide whether any exception applies because it finds no jurisdiction under CAFA in the first instance.

ambiguity.  See Schwartz v. Comcast Corp., No. 05-2340, 2005 WL 1799414, at *5-6 (E.D. Pa. July 28, 2005); Judy v. Pfizer, Inc., No. 4:05CV1208RWS, 2005 WL 2240088, at *1-2 (E.D. Mo. Sept. 14, 2005).  These courts have concluded that by not expressly stating otherwise, Congress is deemed to have intended to retain well settled case law which places the burden of proof on the party invoking federal jurisdiction.  See Schwartz, 2005 WL 1799414, at *6; Judy, 2005 WL 2240088, at *2.

It appears that the Tenth Circuit Court of Appeals would agree with the latter cases.  In Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094 (10th Cir. Aug. 18, 2005), in determining whether a case had been properly removed under CAFA, the Tenth Circuit applied traditional rules of statutory construction and rules pertaining to federal jurisdiction.  In that case, the Tenth Circuit examined whether a removed case commenced when it was filed in state court or later, when it was removed to federal court.  The Tenth Circuit looked to the statute, legislative history, prior precedent and public policy to determine that a removed case commences upon filing in state court.  Id. at 1094-97.  In looking at statutory language, the Tenth Circuit noted that traditionally, a cause of action is commenced when it is first brought in an appropriate court, i.e. when a complaint is first filed in state court.  See id. at 1094 (citing Rule 3, Fed. R. Civ. P.).  The Tenth Circuit further noted that statutes which confer federal jurisdiction – particularly removal statutes – are to be construed narrowly in light of the federal courts' constitutional role as limited tribunals.  Id. at 1094-95 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941) and United States ex rel. King v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1280 (10th Cir. 2001)).  Thus, the Tenth Circuit found that if any ambiguity existed as to whether CAFA conferred jurisdiction, the court must adopt a reasonable, narrow construction of the statute.  Id. at 1095.

As to legislative history which suggests that Congress intended to expand federal jurisdiction, the Tenth Circuit stated as follows:

> We are mindful of the fact that Congress' goal in passing [CAFA] was to increase access to federal courts, and we also recognize that the Senate report instructs us to construe the bill's terms broadly.  S. Rep. No. 109-14, at 43 (Feb. 28, 2005), U.S. Code Cong. & Admin. News 2005, at 41.  But these general sentiments do not provide *carte blanche* for federal jurisdiction over a state class action any time the statute is ambiguous.  While it is clear the Congress wished to expand federal jurisdiction, when that expansion is made effective is what is at issue in this case, and that is an issue we approach cautiously.  See Shamrock Oil & Gas Corp., 313 U.S. at 108-109, 61 S. Ct. 868.

Id. at 1097 n.7.

In examining prior precedent, the Tenth Circuit rejected defendant's argument that it should follow cases which found that for purposes of applying a higher amount-in-controversy requirement in diversity cases, a case commenced on the date of removal and not when the petition was filed in state court.  See id. at 1096-97 (citing Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co., 166 F. Supp. 319, 323-24 (E.D.N.Y. 1958) and Hunt v. Transport Indem. Ins. Co., No. 90-00041, 1990 WL 192483, at *5-6 (D. Haw. July 30, 1990)).  In rejecting defendant's argument, the Tenth Circuit found a "major difference" between CAFA, a statute which defines additional circumstances in which diversity of citizenship exists (and thus attempts to expand federal jurisdiction), and a statute that increases the amount-in-controversy requirement (which attempts to restrict federal court jurisdiction).  Id. at 1097.  The Tenth Circuit noted that in the amount-in-controversy cases, courts relied heavily on the principle that removal statutes are to be strictly construed with all doubts resolved against removal, and that the courts' holdings limited – rather than expanded – federal jurisdiction.  Id.  By contrast, if an action under CAFA commenced at the time of removal, federal court jurisdiction would be expanded to include an increased number of removable

8

actions.  Id.  This result further convinced the Tenth Circuit that for purposes of CAFA, an action commenced when it was initially filed in state court, not when it was removed to federal court.  Id.

As in Pritchett, the issue in this case is when the expansion of federal jurisdiction under CAFA becomes effective.  The Court approaches the issue cautiously and applies traditional removal standards. Under these standards, defendants bear the burden to prove federal jurisdiction and the Court strictly construes the removal statute and resolves all doubts against removal.

### B.      When The Case "Commenced"

CAFA applies if the civil action in state court commenced after February 18, 2005.  See 119 Stat. § 9.  Removing defendants maintain that the action commenced on April 26, 2005, when plaintiffs filed the fifth amended petition which added them as defendants.  Plaintiffs respond that the action commenced on February 14, 2005, when they filed their initial petition in state court.  The Court agrees with plaintiffs.  In Pritchett, the Tenth Circuit found that under the general federal rule, a lawsuit is commenced at a discrete moment in time: when the original complaint is filed in a court of competent jurisdiction.  420 F.3d at 1094. The Tenth Circuit noted exceptions to the rule in some unique circumstances, such as when a miscellaneous discovery motion commences an action under the Administrative Procedure Act, but it nowhere suggested that the routine filing of an amended complaint would constitute such an exception.  Id.  Indeed, the Tenth Circuit found that in the context of removal, CAFA's legislative history suggested a Congressional intent to exclude currently pending suits.  Id. at 1095-96.  Specifically, the Tenth Circuit noted that when the statute was first proposed in the House of Representatives, it allowed removal of cases commenced after its effective date and cases in which a class certification order was entered after its effective date.  Id. at 1095 (citations omitted).  The Senate version and the final bill, however, applied only to cases which

commenced after its effective date.  Id.  Moreover, the Tenth Circuit noted that two sponsoring legislators stated that they did not design the bill to apply to currently pending lawsuits.  Id.  The Tenth Circuit concluded that it was compelled to adopt a narrow construction of the Act, i.e. one that would limit federal jurisdiction – not broaden it, and ruled that the term "commenced" applied to the actual filing date, not the removal date.  Id. at 1096.

Under Pritchett, the Court concludes that this case commenced on February 14, 2005, when plaintiffs filed their original petition in state court.  As noted, removing defendants argue that the case commenced on April 26, 2005, when plaintiffs filed the fifth amended petition which added them as defendants.  In support of their argument, defendants cite Knudsen v. Liberty Mutual Ins. Co., 411 F.3d 805 (7th Cir. 2005).  In that case, the Seventh Circuit held that a significant change to class definition which occurred after CAFA's effective date did not commence a new civil action.  Id. at 806-07.  In dicta, however, the Seventh Circuit suggested that certain amendments, such as adding a defendant, might commence a new civil action for purposes of CAFA.  Specifically, the Seventh Circuit stated as follows:

> [A] new claim for relief (a new "cause of action" in state practice), the addition of a new defendant, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes.  Removal practice recognizes this point: an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before), or adds a new defendant, opens a new window of removal.  28 U.S.C. § 1446(b).  We imagine, though we need not hold, that a similar approach will apply under [CAFA], perhaps modeled on Fed. R. Civ. P. 15(c), which specifies when a claim relates back to the original complaint (and hence is treated as part of the original suit) and when it is sufficiently independent of the original contentions that it must be treated as fresh litigation.

Id. at 807 (citation omitted).

Some courts have relied on Knudsen to find that an amendment which adds a new defendant can

constitute the commencement of a new action, so as to permit removal under CAFA.  See Adams v. Fed.

Materials Co., No. 5:05CV-90-R, 2005 WL 1862378, at *3-4 (W.D. Ky. July 28, 2005); Senterfitt v.

SunTrust Mortg., Inc., 385 F. Supp.2d 1377, 1379 (S.D. Ga. 2005); see also Plummer v. Farmers Group,

Inc., No. 05-CIV-242-WH, 2005 WL 2292174, at *4-5 (E.D. Okla. Sept. 15, 2005) (adding new

plaintiff commenced new action under CAFA).  These courts reason that an amendment which adds a new

party commences a new lawsuit under CAFA unless the amendment relates back under Rule 15(c), Fed.

R. Civ. P.  See Adams, 2005 WL 1862378, at *3-4; Senterfitt, 385 F. Supp.2d at 1379-81; Plummer,

2005 WL 2292174, at *3.  The Court is unpersuaded.  CAFA states that it applies to "any civil action

commenced on or after [February 18, 2005]."  See 119 Stat. § 9.  Under Pritchett, the Court finds that

the term "commenced" refers to the date on which plaintiffs first filed their petition in state court.  See

Pritchett, 420 F.3d at 1094.  Because plaintiffs filed their first petition on February 14, 2005, CAFA does

not confer jurisdiction.  This conclusion is consistent with legislative history which indicates that Congress

did not intend CAFA to apply to pending lawsuits, see id. at 1095, and traditional federal rules which

require the Court to construe removal statutes narrowly.  See id. at 1094-05.

### C.      Federal Question Jurisdiction

Principal filed a supplement to its joinder in notice of removal, positing that the Court has federal

question jurisdiction because ERISA preempts plaintiffs' claims.  See Defendant Principal's Supplement

To Its Joinder In Notice Of Removal (Doc. #15) filed June 21, 2005.  Plaintiff asks the Court to strike the

supplement because (1) Principal did not obtain leave of court to file it; (2) the supplement constitutes a

notice of removal which is untimely; and (3) the removal attempt fails on the merits.  See Memorandum In

Support Of Motion To Strike Defendant Principal Life Insurance Company's "Supplement To Joinder In

Notice Of Removal" (Doc. #39) filed July 13, 2005. Principal responds that the supplement does not constitute a second notice of removal. See Defendant Principal's Memorandum Of Law In Opposition To Plaintiffs' Motion To Strike Supplement To Joinder In Notice Of Removal (Doc. #46) filed July 26, 2005 at 5. Principal maintains that the supplement is simply an "indication to the Court that it has subject matter jurisdiction over this already removed action on grounds in addition to those enumerated in the Notice of Removal" and that the supplement "highlights the important federal interests at stake." Id. at 2.

Because the Court lacks subject matter jurisdiction under CAFA, the supplement is of no consequence unless it constitutes a valid notice of removal based on independent grounds for jurisdiction. To the extent the supplement constitutes an attempt by Principal to remove the case based on federal question jurisdiction, it is not proper unless all defendants consent to the removal within 30 days. See McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342-43 (D. Kan. 1997). No defendants have filed notice of their consent and intent to join in the supplemental notice of removal. Therefore, even if federal question jurisdiction does exist, the case has not been properly removed and must be remanded to state court.

### D.      Costs And Attorney's Fees

Plaintiffs ask the Court to award costs and attorney's fees, asserting that no legitimate legal or factual basis supports defendants' attempt to remove the case. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is within the Court's discretion and does not depend on any showing of bad faith on the part of the removing party. See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997). In order to impose fees, the Court must find that removal to federal court was improper *ab initio*. Id. Under Tenth Circuit law, once this prerequisite is met, the standard for determining the propriety

of a fee award is whether "defendants' removal position was objectively reasonable at the time they sought removal." Martin v. Franklin Capital Corp., 393 F.3d 1143, 1147-48 (10th Cir. 2004), cert. granted 125 S. Ct. 1941 (April 25, 2005).[9]  In light of the recent enactment of CAFA and conflicting case law on the issue, the Court finds that defendants' position at the time they sought removal was not objectively unreasonable.  See Martin, 393 F.3d at 1147-51.  The Court therefore declines to award costs and attorneys fees.

IT IS THEREFORE ORDERED that Plaintiffs' Motion To Remand (Doc. #24) filed June 24, 2005 be and hereby is SUSTAINED.  This case is hereby REMANDED to the District Court of Wyandotte County, Kansas.

IT IS FURTHER ORDERED that Plaintiffs' Motion To Strike Defendant Principal Life Insurance Company's "Supplement To Joinder In Notice Of Removal" (Doc. #38) filed July 13, 2005 be and hereby is OVERRULED.

Dated this 17th day of November, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

_____

[9]     The United States Supreme Court has granted certiorari in Martin to determine the correct legal standard for awarding fees and expenses under Section 1447(c). Martin v. Franklin Capital Corp., No. 04- 1140, 2005 WL 474021 (U .S. filed Feb. 23, 2005).  The petition for certiorari suggests a split of authority among lower courts, with some courts holding that fees should be awarded against the unsuccessful party absent some extraordinary reason to the contrary, see Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968) (addressing award of fees under Title II of Civil Rights Act of 1964), and other courts holding that fees should not be awarded unless the removal had no reasonable foundation, see Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (addressing award of fees under Title VII of Civil Rights Act of 1964).  Because the Supreme Court has not yet ruled on the issue, the Court follows Tenth Circuit law in this regard.