**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **PRIME CARE OF NORTHEAST KANSAS, LLC, et al.,** ) ) ) **Plaintiffs,** ) ) **v.** ) ) **BLUE CROSS AND BLUE SHIELD OF** ) **KANSAS CITY, INC., et al.,** ) ) **Defendants.** ) ) | **CIVIL ACTION**  **No. 05-2227-KHV** |

**MEMORANDUM AND ORDER**

Plaintiffs, a group of doctors and doctor organizations which practice medicine in Wyandotte and Johnson Counties in Kansas, bring class action claims against various health insurance providers for price fixing and conspiracy to monopolize in violation of Kansas law. On February 14, 2005, plaintiffs filed suit in state court in Wyandotte County, Kansas. On May 27, 2005, Humana Insurance Company, United HealthCare Insurance Company, Inc. and Coventry Health & Life Insurance Company filed a Notice of Removal (Doc. #1) which asserted jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).[1] On November 17, 2005, the Court entered an order which remanded the case to state court. See Memorandum And Order (Doc. #150). Defendants appealed, and on June 7, 2006, the Tenth Circuit vacated the remand order and directed that this Court conduct further

---

[1] Defendants in this case number 19. The other defendants are Principal Life Insurance Company, Blue Cross and Blue Shield of Kansas City, Inc., Blue Cross and Blue Shield of Kansas, Inc., Good Health HMO, Inc., Premier Health, Inc., Total Health Care, Inc., Coventry Services Corporation d/b/a Coventry Health Care, Inc., Coventry Health Care of Kansas, Inc., United HealthCare Services, Inc. d/b/a United HealthCare Corporation, United HealthCare of the Midwest, Inc., United HealthCare of Kansas, Inc., Spectera, Inc., Humana, Inc., Humana Health Plan, Inc., Ingenix, Inc. and Kanza Multispeciality Group, Inc.

proceedings with regard to the existence of federal jurisdiction.  See Prime Care of Northeast Kan., LLC v. Humana Ins. Co., 447 F.3d 1284 (10th Cir. 2006).

Plaintiffs filed suit before the effective date of CAFA and at this juncture, the issue is whether defendants are nonetheless entitled to remove it because plaintiffs did not join them until after the effective date.  In its previous order, the Court held that the new defendants could not remove because the case had commenced when plaintiffs filed the original petition, prior to CAFA.[2]  See Memorandum And Order (Doc. #150) at 9-11.  The Tenth Circuit disagreed, finding that the new defendants' right to remove depended on whether the amendment which added them as defendants related back to the date of a pre-CAFA pleading.[3]  See Prime Care, 447 F.3d at 1289.  Under the Tenth Circuit ruling, if the amendment relates back, plaintiffs commenced suit against the new defendants before the effective date of CAFA, and the Court lacks subject matter jurisdiction and must remand.[4]  If the amendment does not relate back, plaintiffs commenced suit against the new

---

[2]  Plaintiffs filed the original petition on February 14, 2005, four days before CAFA took effect on February 18, 2005.

[3]  Plaintiffs named the removing defendants in the fifth amended petition, which they filed on April 26, 2005.  The state court had entered an order which allowed plaintiffs to file the fifth amended petition and stated that it would "relate back to the original filing of this action."  Journal Entry And Order in No. 05CV 279 filed April 22, 2005.  The Tenth Circuit, however, ruled that the state court order was "inherently non-final and subject to reconsideration in federal court."  447 F.3d at 1289 n.5 (citing 16 James W. Moore, Moore's Federal Practice § 107.31[3] (3d ed. 2006), and 28 U.S.C. § 1450).

[4]  Plaintiffs filed three amended petitions before CAFA took effect (on February 15, February 16, and February 17, 2005), and two amended petitions after CAFA took effect (on March 4, 2005 and April 26, 2005).  The Tenth Circuit did not discuss which petition applies for purposes of the relation back analysis, i.e. whether the Court should look to the original petition, the most recently amended petition before CAFA's effective date (in this case, the third amended petition), or one of the other amended petitions.  The Tenth Circuit held that "whether a post-CAFA amendment triggers a substantive right of removal under CAFA by the affected parties depends on whether the amendment relates back to the pre-CAFA pleading that is being amended," and

(continued...)

defendants after the effective date of CAFA and, subject to any potential exceptions to jurisdiction, the action is properly before the Court. In light of the Tenth Circuit ruling, the Court reconsiders its previous order.

**I.      Burden Of Proof**

The Tenth Circuit did not address who bears the burden of proof. This Court previously found that in determining whether to remand, traditional removal standards apply. In other words, defendants bear the burden to show jurisdiction and the Court must resolve any doubts concerning removability in favor of remand. See Memorandum And Order (Doc. #150) at 4-9 (citing Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) and J.W. Petrol., Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992)). The weight of authority – including three federal circuit courts – agree with this conclusion. See, e.g., Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685-86 (9th Cir. 2006); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005). The Court therefore adopts its previous analysis in this regard. Defendants bear the burden to show federal jurisdiction, i.e. that plaintiffs commenced this case against them after CAFA became effective. See Werner v. KPMG LLP, 415 F. Supp.2d 688, 695 (S.D. Tex. 2006). In other words, defendants must show that the amendments

---

[4](...continued)
instructed this Court to determine "whether the amendment adding the removing defendants related back to the pre-CAFA commencement of this action." 447 F.3d at 1289. It appears that the answer to this question depends on whether any of the amended petitions constituted the "commencement" of a new action. On the facts of this case, however, the Court would reach the same result regardless which pre-CAFA petition applies. For ease of discussion, the Court refers to only the original petition.

which added them do not relate back to the original petition.[5]  The Court resolves any doubts concerning removability in favor of remand.  See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).

## II.    Applicable Law

The parties do not address whether Kansas law or federal law applies to the relation back analysis.[6]  The Tenth Circuit did not decide the issue, but noted the prevailing view that the determination should be governed by the law of the state in which the action commenced.  See Prime Care, 447 F.3d at 1289 n.6.  This Court adopts the prevailing view and finds that Kansas law applies. See, e.g., Plubell v. Merck & Co., 434 F.3d 1070, 1071 (8th Cir. 2006) (applying Missouri law); Schorsch v. Hewlett-Packard Co., 417 F.3d 748, 751 (7th Cir. 2005) (applying Illinois law).  As a practical matter, however, the Court discerns no difference between Kansas and federal law and

---

[5]   Defendants argue that plaintiffs generally bear the burden of proof in establishing relation back under Rule 15(c).  See Removing Defendants' Joint Memorandum In Opposition To Plaintiffs' Motion To Remand ("Defendants' Memorandum") (Doc. #37) filed July 13, 2005 at 9-10 n.7.  The cases which they cite involve relation back for purposes of statutes of limitations, however, not under CAFA.  See id.

In Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006), the Eleventh Circuit found that when a party seeks to avail itself of an express statutory exception to federal jurisdiction under CAFA, the party seeking remand bears the burden of proof with regard to that exception. Under Evans, defendants bear the initial burden of establishing federal jurisdiction under CAFA and the burden then shifts to plaintiffs to show an exception to jurisdiction.  Id. at 1165.  Here, the issue whether an amendment adding new defendants relates back is part of the initial determination of federal jurisdiction, i.e. whether the action against the new defendants "commenced" before CAFA became effective.  Therefore, under the Evans analysis, defendants bear the burden of proof.

On this record, however, the Court would reach the same result even if plaintiffs bore the burden of proof.

[6]   Plaintiffs cite Kansas law but do not discuss why it should apply.  See Memorandum In Support Of Motion To Remand ("Plaintiffs' Memorandum") (Doc. #25) at 9-14.  Defendants cite Kansas and federal statutes, see Defendants' Memorandum (Doc. #37) at 9-10, but discuss only federal cases.  See id. at 10-13.

4

finds that Kansas courts would follow federal case law on this issue. See Martindale v. Robert T. Tenny, M.D., P.A., 250 Kan. 621, 638, 642-43, 829 P.2d 561, 573, 575 (1992) (noting that federal Rule 15(c) and K.S.A. § 60-215(c) are identical and looking to cases dealing with federal rule or comparable state statute).

### III.    Relation Back

K.S.A. § 60-215(c) provides that an amendment which changes the party against whom a claim is asserted relates back to the date of the original pleading if (1) the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action including the period for service of process under K.S.A. § 60-203, the new party received notice of the action such that the party will not be prejudiced in maintaining a defense on the merits; and (3) within the period provided by law for commencing the action including the period for service of process under K.S.A. § 60-203, the new party knew or should have known that, but for a mistake concerning identity of the proper party, the action would have been brought against the party.[7]

In opposing the motion to remand, defendants challenge only the final requirement, i.e. whether plaintiffs would have named them in the original petition but for a mistake concerning the identity of the proper party. See Defendants' Memorandum (Doc. #37) at 10-13. Defendants offer no evidence or argument regarding whether they knew or should have known of any such mistake, but simply argue that no such mistake occurred because plaintiffs knew that defendants existed when they filed the original petition. Defendants point out that some of the named plaintiffs had even sued

---

[7]    Section 60-203 allows 90 days for service, with an additional 30 days upon a showing of good cause by plaintiff. See id. Plaintiffs served the fifth amended petition on the removing defendants on May 4, 2005, within 79 days of filing the initial petition. See state court docket sheet actions 74, 77, 78, Exhibit 1 to Doc. #13 filed June 9, 2005.

5

them in similar actions filed February 14 and 17, 2005, in the Circuit Court of Jackson County, Missouri, and that some of the named plaintiffs had previously entered into participation agreements with them.[8]  See Defendants' Memorandum (Doc. #37) at 11-12.  If defendants are correct, i.e. plaintiffs failed to name them in the original petition for reasons other than mistake, the amendment which added them as defendants would not relate back; the claims against them would be deemed to have been commenced after the effective date of CAFA and absent some express statutory exception to removal jurisdiction, removal would be proper.

In determining whether plaintiffs made a mistake within the meaning of Rule 15(c)(3), the Court looks to whether plaintiffs deliberately chose not to sue the removing defendants (in which case relation back would not occur), or whether plaintiffs intended to sue them but mistakenly omitted them from the petition (in which case relation back could occur).  See Maycher v. Muskokee

---

[8] With regard to Humana Insurance Company, defendants cite a participation agreement which plaintiff New Century Health Quality Alliance, Inc. entered into in May of 2002. The agreement includes Humana Health Plan, Inc. and Humana Insurance Company "and their affiliates who underwrite or administer health plans," collectively referred to as "Humana."  See Exhibit C to Defendants' Memorandum.  One person signed the agreement on behalf of "Humana" and the agreement provides notice to be given to Humana Kansas City, Inc. with a copy to Humana Inc.  See id.

As to Coventry Health and Life Insurance Company, defendants cite a participation agreement which Midwest Neurosurgery Associates, PA signed in May of 2004.  See Exhibit H to Defendants' Memorandum.  The document is titled "Coventry Health Care of Kansas, Inc. Participating Medical Group Agreement."  The first paragraph states that the agreement is between Midwest Neurosurgery as the "Medical Group" and Coventry Health Care of Kansas, Inc., Coventry Health and Life Insurance Company and SouthCare PPO, Inc., who are referred to collectively as "Health Plan."  See id.

As to United HealthCare Insurance Company, defendants cite a participation agreement by Dr. James Mirabile in September of 2003.  See Exhibit I to Defendants' Memorandum.  The cover letter refers to the agreement as the "UnitedHealthcare of the Midwest Physician Participation Agreement."  Exhibit I to Defendants' Memorandum.  The agreement, which is titled "Physician Contract," states as follows: "United HealthCare Insurance Company ("United") is entering into this agreement . . . on behalf of itself, UnitedHealthCare of the Midwest, Inc., and its other affiliates."  See id.

6

Med. Ctr. Auxiliary, No. 97-7021, 1997 WL 698007, at *2 (10th Cir. Nov. 6, 1997); Loveall v. Employer Health Servs., Inc., 196 F.R.D. 399, 403 (D. Kan. 2000).  If plaintiffs knew the identities and possible roles of the added defendants when they filed their initial petition, the failure to join them was not a mistake for purposes of Rule 15(c)(3).  See Richardson v. John F. Kennedy Mem'l Hosp., 838 F. Supp. 979, 987 (E.D. Pa. 1993); see also Bass v. World Wrestling Fed'n Entm't, Inc., 129 F. Supp.2d 491, 508 (E.D.N.Y. 2001).  On the other hand, a mistake under Rule 15(c)(3) occurred if plaintiffs intended to sue certain participants, but misidentified or misnamed them in the original petition.  See, e.g., VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001) (plaintiff intended to sue party with whom it negotiated but erroneously named party that did not exist at time of events); Leonard v. Parry, 219 F.3d 25, 28 (1st Cir. 2000) (plaintiff intended to sue car driver but named car owner); G.F. Co. v. Pan Ocean Shipping Co., 23 F.3d 1498, 1503 (9th Cir. 1994) (plaintiff intended to sue ship owner but named ship owner's agent); Loveall, 196 F.R.D. at 403-04 (plaintiff intended to sue seller of medical device but mistakenly identified another company as seller).  In the latter cases, the new parties knew or should have known from reading the complaint that they would have been sued but for plaintiffs' mistake.  See In re Randall's Island Family Golf Ctrs., No. 02-2278, 2002 WL 31496229, at *4  (Bankr. S.D.N.Y. Nov. 8, 2002).

Defendants do not assert that plaintiffs made a conscious decision to omit them from the original petition.  Rather, defendants contend that because information regarding their existence was readily available, plaintiffs' failure to name them cannot constitute a mistake.  Although defendants do not articulate their argument in these terms, they apparently argue that plaintiffs were negligent and/or careless in failing to name them, and that such conduct cannot constitute a mistake within the meaning of Rule 15(c)(3).  The rule, however, is not restricted to good faith, honest mistakes; it also

encompasses mistakes which result from negligence and carelessness. See Leonard, 219 F.3d at 29; 3 Moore's Federal Practice ¶ 15.19[3][d], at 15-92 (proper consideration is whether added defendant knew or should have known that action would have been brought against it but for plaintiff's mistake, not whether plaintiff's mistake was reasonable). The focus is on what plaintiffs knew about the identity and involvement of the added defendants when they filed their original petition.

Plaintiffs contend that in filing the initial petition, they intended to sue those companies within the corporate families of the removing defendants which operated in Kansas. Plaintiffs claim that in light of the labyrinth of related corporate entities, they were mistaken as to which entities to sue.[9] Plaintiffs point out that in the original petition, they sued companies which were within the same corporate families as the removing defendants, but that after they filed the original petition, they "learned through further investigation that certain named entities no longer operated in the State of Kansas, and that other entities under the same corporate umbrella did." Plaintiffs' Memorandum (Doc. #25) at 12. Plaintiffs state that since the inception of the case, their goal has been to include "all corporate permutations of the national insurance companies named in the petition which operate in the Region in order to obtain full and effective monetary and injunctive relief." Id.

The mere fact that defendants' identities were available to plaintiffs does not negate the

---

[9] Plaintiffs submit corporate organizational charts of the removing defendants. See Exhibits 1, 3 and 4 to Plaintiffs' Memorandum (Doc. #25). The charts indicate that Humana Insurance Company is one of 38 subsidiaries under parent company Humana Inc., and that Coventry Health & Life Insurance Company is one of 32 subsidiaries under parent company Coventry Health Care, Inc. See id., Exhibits 1 and 4. Plaintiffs contend that almost 200 corporate entities operate under the umbrella of United HealthCare Insurance Company. See Plaintiffs' Memorandum (Doc. #25) at 13. The organization chart for United HealthCare Insurance Company indicates a multitude of corporate entities, but the company names are illegible. See id., Exhibit 3.

possibility of a mistake or show that plaintiffs deliberately chose not to sue them.[10]  The removing defendants are part of large corporate organizations, and within 79 days of filing suit, plaintiffs engaged in serial amendments which substituted defendants within those organizations to get the proper parties before the court.  Plaintiffs did not serve any defendant until they had filed the fifth amended petition.  On these facts, the record supports plaintiffs' assertion that they intended to sue the entities within defendants' corporate organizations which operated in Kansas, but mistakenly failed to include the removing defendants in the original petition.  The record yields no suggestion that plaintiffs knew of the involvement of the removing defendants – i.e. that they operated in Kansas –  and deliberately chose not to sue them.

Although the removing defendants do not address whether they knew or should have known of plaintiffs' mistake, it is worth noting that plaintiffs did not serve any defendant until after they had filed the fifth amended petition on April 26, 2005.  Presumably none of the defendants – including the removing defendants – learned of the suit before plaintiffs served the fifth amended petition which clearly reflected their intent to sue the removing defendants.[11]  Moreover, at the time of service, defendants could easily discern from the court record that plaintiffs had struggled with

---

[10]     Defendants rely heavily on Nelson v. Adams USA, Inc., 529 U.S. 460 (2000), and Cornwell v. Robinson, 23 F.3d 694 (2d Cir. 1994).  See Defendants' Memorandum at 10-13.  Those cases are distinguishable.  In both cases, the parties clearly knew of the additional parties' involvement, but inexplicably delayed naming them as parties in the case.  In Nelson, defendant waited until after the court entered judgment before seeking to amend the pleadings.  In Cornwell, plaintiff waited six years before seeking to add defendants.  Because the parties seeking to amend the pleadings had obviously chosen not to sue the added parties, the courts concluded that the failure to name additional parties constituted a deliberate choice, not a mistake in identity.

[11]     The record contains no information which suggests that the removing defendants learned of the case before plaintiffs served the fifth amended petition.

regard to the identities of the proper defendants.[12]  A "mistake" under Rule 15(c)(3) is concerned primarily with the new party's awareness that the failure to join it was error as opposed to deliberate strategy.  See In re Integrated Res. Real Estate Ltd. P'ships Sec., 815 F. Supp. 620, 644 (S.D.N.Y. 1993) (citing Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc., 801 F. Supp. 1450, 1457 (E.D. Pa. 1992)); accord Maycher, 1997 WL 698007, at *2.  On this record, the removing defendants had no reason to believe that plaintiffs had deliberately chosen not to sue them.[13]  Cf. Wandrey v. Serv. Bus. Forms, Inc., 762 F. Supp. 299, 303 (D. Kan. 1991) (where plaintiff delayed amending petition, defendants entitled to presume that plaintiff made strategic choice not to pursue claims against them).

---

[12]   The amendments involving corporations related to the removing defendants are as follows.  With respect to Humana Insurance Company, plaintiffs originally named Humana, Inc., Humana Health Plan, Inc., Humana Kansas City, Inc. and Humana Health Plan of Kansas, Inc.  See Petition, Exhibit 3 to Doc. #13.  Those designations remained the same until the fifth amended petition, which omitted Humana Kansas City, Inc. and Humana Health Plan of Kansas, Inc. and added Humana Insurance Company.  See Exhibit 6 to Doc. #13.

As to United HealthCare Insurance Company, the original petition named United HealthCare Corporation, United HealthCare of the Midwest, Inc., United HealthCare of Kansas, Inc. and Health Care of Kansas City, Inc.  See Exhibit 3 to Doc. #13.  The first amended petition omitted Health Care of Kansas City, Inc. and added United HealthCare Services, Inc.  See Exhibit 3 to Doc. #13.  The second amended petition remained the same, and the third amended petition omitted United HealthCare Corporation.  See Exhibit 4 to Doc. #13.  In the fourth amended petition, plaintiffs changed United HealthCare Services to United HealthCare Services d/b/a United HealthCare Corporation.  See Exhibit 5 to Doc. #13.  In the fifth amended petition, plaintiffs added United HealthCare Insurance Company.  See Exhibit 6 to Doc. #13.

As to Coventry Health & Life Insurance Company, the original petition named Coventry Health Care of Kansas, Inc.  See Petition, Exhibit 3 to Doc. #13.  The first amended petition added Coventry Health Care, Inc.  See Exhibit 3 to Doc. #13.  Those designations remained the same until the fifth amended petition, which added Coventry Health & Life Insurance Company and changed Coventry Health Care, Inc. to Coventry Services Corporation d/b/a Coventry Health Care, Inc.  See Exhibit 6 to Doc. #13.

[13]   The fact that some of the plaintiffs filed parallel cases against the removing defendants in Missouri on February 14 and 17, 2005, does not show that plaintiffs' failure to name them in this case was deliberate, and not mistaken.  Moreover, the record does not indicate when the removing defendants received notice of the Missouri cases.

10

The Court is persuaded by <u>New Century Health Quality Alliance, Inc. v. Blue Cross & Blue Shield of Kansas City, Inc.</u>, No. 05-0555-CVWSOW, 2005 WL 2219827, at *4-5 (W.D. Mo. Sept. 13, 2005), which involves some of the same parties and similar facts. Before serving defendants, plaintiffs amended the complaint several times to substitute certain entities for others under the same corporate umbrella. The district court stated that it could not see how the amendments were "sufficiently independent of the original contentions to constitute fresh litigation." <u>Id.</u> at *4 (internal quotations omitted). Noting that the corporate structure of the defendants was complex and confusing, the Court concluded that plaintiffs' omission of the correct corporate entity was a mistake in identity within the meaning of Rule 15(c). <u>See</u> <u>id.</u> at *4-5.

On this record, the Court concludes that the amendment which added the removing defendants relates back to the date of the original petition under K.S.A. § 60-215(c). <u>See</u>, e.g., <u>Fry v. Waste Mgmt., Inc.</u>, No. 94-6865, 1995 WL 481478, at *2 (E.D. Pa. Aug. 11, 1995) (courts generally allow broad reading of mistake element, especially where original and added party have close corporate relation); <u>Franklin v. Norfolk & W. Ry. Co.</u>, 694 F. Supp. 196, 198 (S.D.W. Va. 1988) (amendment adding subsidiary related back where same lawyers represented both companies and were fully aware of confusion over ownership of locomotive which injured plaintiff). As to these defendants, the case therefore commenced before the effective date of CAFA and must be remanded to state court. <u>See</u> 119 Stat. 4, § 9.

**IT IS THEREFORE ORDERED** that <u>Plaintiffs' Motion To Remand</u> (Doc. #24) filed June 24, 2005 be and hereby is **SUSTAINED.** This case is hereby **REMANDED to the District Court of Wyandotte County, Kansas.**

Dated this 25th day of September, 2006 at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            Kathryn H. Vratil
                                            United States District Judge